IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF Illinois
Eastern Division

Decory Franklin
Plaintiff

vs.

Wexford Health Source, Inc.
Dr. Saleh Obaisi, Dr. Louis Shicker
Defendants

1983
Civil complaint

RECEIVED
AUG 20 2015
8-20-15 EAA
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Civil Complaint

Decory Franklin ("Plaintiff") pro se, presently confined at Stateville C.C. ("herein after Stateville") P.O. Box 112 Joliet, Il. 60434, files this civil complaint under the Civil Rights Act Title 42, Sec. 1983, against Dr. Obaisi, Dr. Louis Shicker and Wexford Health Source, Inc. and states:

1.) This is a civil action seeking injunctive relief and damages against defendants for committing acts contrary to law, which deprived plaintiff of his rights guaranteed by the constitution and the Civil Rights Act, 42 U.S.C. 1983

15cv7361
Judge John W. Darrah
Magistrate Judge Michael T. Mason
PC4

## Parties

1.) Decory Franklin, Plaintiff, a citizen of the United States and presently is confined at Stateville P.O. Box 112, Joliet, IL. 60434.

2.) Defendant: Wexford Health Source, Inc. (herein after "Wexford") is a provider of health care professionals and services IDOC facilities, including Stateville. Wexford is sued in their official capacity.

3.) Defendant: Dr. Saleh Obaisi ("hereinafter Obaisi") is the medical director at Stateville and is responsible for actions of the medical staff he supervises and the medical treatment of plaintiff. He is a employee of Wexford and sued in his individual/official capacity.

3A.) Defendant: Dr. Louis Shicker (hereinafter Shicker) is the agency medical director for IDOC. and is sued in his official and individual capacity.

(2)

## Jurisdiction

4.) This action arises under 42 U.S.C. 1983 of the civil Rights act of the United States for injunctive, compensatory, and punitive damages which this court has jurisdiction under 28 U.S.C. 1331 and 1367.

## Venue

5.) Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and 1391(c) because all events or omission giving Rise to the claim occurred within the Northern District of Illinois and, on information and belief, at least defendant(s) Dr. Obaisi is believed to be domiciled in the Northern District of Illinois, and defendant Wexford does business in the Northern district of Illinois.

## Statement of Facts

1.) In 2007 the plaintiff was diagnosed with primary or secondary lymphedema and chronic plantar fasciitis. And the medical plan put in place was to treat plaintiff with compression stockings and special gym shoes with heel cuffs.

2.) Upon information and belief, from 2007 to 2009 the plaintiff went without the shoes and stockings. In 2009 then medical director Dr. Ghosh on 3 different occassions ordered the shoes and stocking, yet plaintiff didn't receive the shoes or stocking so he filed grievances on the matter.

(3)

3.) Upon information and belief in December 2010 the plaintiff received the compression stockings but no shoes or heel cuffs.

4.) Upon information and belief, October 2012, the plaintiff saw Dr. Obaisi' the medical director who confirmed that he had severe case of plantar fasciitis. At which time Obaisi' scheduled plaintiff for a steroid injection, reordered shoes with built in heel cuffs and boots.

5.) Upon information and belief on November 19, 2012 the plaintiff received the gym shoes with no built in heel cuffs nor boots.

6.) Upon information and belief, in December 2012 the plaintiff saw Obaisi' for the steroid injection to both left and right heel. The plaintiff informed Obaisi' that he didn't receive the gym shoes with built in heel cuffs. Obaisi' did nothing far as getting plaintiff heel cuffs. Plaintiff informed Obaisi' that due to difficulties walking his knee's were hurting and legs swelling.

7.) Upon information and belief, on April 17, 2013 the plaintiff saw Obaisi' for plantar fasciitis. Obaisi' gave him steroid injections and motrin x 3 months. Plaintiff again informed Obaisi' that his shoes didn't have the built in heel cuff and his feet, ankles and knees were swelling and painful thus causing him difficulties walking. Obaisi' ignored him.

(4)

8.) Upon information and belief, on April 29, 2013 plaintiff was seen by Obaisi for feet pain. Obaisi ordered 800mg motrin x 60 days and x-rays of both feet and ankles.

9.) Upon information and belief, from April 2013 to July 30, 2013 plaintiff had yet to receive the heel cuff which further caused him difficulties walking, swelling in feet, ankles, legs and knee's.

10.) Upon information and belief, on July 30, 2013 plaintiff saw Obaisi to receive steroid injections and motrin x 4 months and follow-up in 2 months. Plaintiff informed Obaisi the last steroid injection did nothing to alleviate his pain & swelling nor has he received his heel cuff. and he's having extreme difficulties walking. Still Obaisi ignored him.

11.) Upon information and belief, on September 30, 2013 plaintiff saw Obaisi for his plantar fasciitis and swelling of feet, ankles and knee's. At which time Obaisi finally ordered plaintiff gym shoes with a built in heel cup. Plaintiff informed Obaisi that the steroid injection did nothing for him Obaisi said nothing.

12.) Upon information and belief on October 23, 2013 plaintiff saw Obaisi and given a steroid injections and a permit for shoes which he's yet to receive.

13.) Upon information and belief, on January 20, 2014 plaintiff saw Obaisi and informed him he hadn't received the shoes and having knee pain and that shots has caused breakage in the skin on both feet and has traveled to his ankles and knees. He's starting to get discoloration of skin and irritation. That the pain is so bad he's having difficulties walking and standing for long periods of time and the motrin isn't helping. His toes are starting to curl from rubbing against the worn down shoes. Plaintiff asked Obaisi if he would send him to see a podiatrist Obaisi stated Wexford won't pay for such visit.

14.) Upon information and belief, on February 4, 2014 plaintiff saw Obaisi to receive a steroid injection despite the injection not working, causing skin irritation and discoloration.

15.) Upon information and belief, on March 27, 2014 Wexford denies the request for shoes stating plaintiff doesn't meet the criteria per Wexford shoe policy despite given plaintiff shoes for this condition in 2012.

16.) Upon information and belief, on May 8, 2014 Obaisi submits another request for shoes for plaintiff. Wexford denies it again for the same reason.

17.) Upon information and belief, throughout the remainder of 2014 the plaintiff continued to complain of feet pain, difficulties walking and not receiving his shoes, heel cuffs and compression stockings to no avail.

18.) Upon information and belief on September 23, 2014 Dr. Shicker the agency chief medical director wrote plaintiff in response to plaintiff letter to him. Shicker stated that Obaisi is treating plaintiff for plantar fasciitis. That Obaisi reported to him that plaintiff doesn't have lymphedema despite a specialist diagnosis in 2010 and he does need compression stocking which specialist ordered. Shicker told plaintiff if he need wide shoes to buy them off the commissary as there isn't an absolute medical indication for them.

19.) Upon information and belief, February 3, 2015 the plaintiff finally received the gym shoes with no built in heel cup.

20.) Upon information and belief, on March 12, 2015 the plaintiff was seen by Obaisi at which time plaintiff informed him of the discoloration and skin irritation and pain in his feet from the steroid injection. Obaisi ignore him.

(7)

## Exhaustion of Remedies

21.) Plaintiff filed grievances in May 11, 2011 when he hadn't received his shoes and stocking. It was stated by counselor C. Johnson on 6-7-2011 that according to the HCU the shoes have been ordered and he'll receive them when they arrive at the facility.

22.) Plaintiff filed a grievance on April 13, 2012 in regards to not receiving his shoes and problems with plantar fasciitis. He appealed to Administrative Review Board who responded it was not filed within 60 days of discovery of the incident, occurrence, or problem which give rise to the grievance as required in DR. 504F. And still address the fact he was seen by P.A. Williams on 4-11-12 and received medication on 6-8-12.

23.) Plaintiff filed grievances on July 23, 2014 and July 29, 2014 for not receiving shoes and difficulties walking and delay/denial of treatment for plantar fasciitis. He appealed to the administrative board after denial on the institutional level.

24.) On March 5, 2015 Leslie McCarty of the Administrative Review Board addressed grievance filed on 7-29-15 for request for shoes, heel cuff. Which Ms. McCarty denied his appeal stating per HCU offender has been seen on several occassion for several issues. Brian Gleckier acting director of IDOC signed off concurring.

(8)

25.) On March 19, 2015 Sarah Johnson of the administrative Review Board addressed grievance filed 7-23-14 Regarding shoes for Plantar Fasciitis. Ms. Johnson denied plaintiff appeal stating medical Records indicate offender Received shoes on 2-3-15 and was seen by O'Baisi on 3-12-15.

Deprivation of Eighth Amendment Rights under 42 U.S.C. 1983 for Deliberate Indifference to need for medical Treatment of Franklin's Plantar Fasciitis
(against Defendants O'Baisi, Shicker and Wexford)

26.) Franklin Realleges paragraphs 1 through 25 as if fully set forth herein.

27.) O'Baisi and Shicker while acting under color of state law, and with deliberate, Reckless, and/or callous indifference to Franklin's constitutional Rights, acted in a manner that evidenced a deliberate indifference to the serious medical needs arising from his lymphedema, and plantar fasciitis, thus depriving Franklin of the protection from cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States constitution.

28.) Upon information and belief, when acting as Franklin's treating physician defendant Obaisi was acting in the ordinary course, within the scope of his employment with defendant Wexford, and pursuant to established policies and procedures promulgated by Wexford that are designed solely to delay needed medical treatment.

29.) Defendant Obaisi pattern and practice of deliberately postponing/delay treatment were in furtherance of a de facto policy to limit treatment of Stateville prisoners, including Franklin, including access to off-site facilities, and therefore delay needed treatment so as to achieve Wexford's cost cutting measures. Such a policy amounts to a denial of medical care in deliberate indifference to Franklin's serious medical needs.

30.) Defendants Obaisi and Shicker pattern and practice of deliberately delaying medical treatment of Franklin's plantar fasciitis and/or to effectively address long-term pain relief is tantamount to a denial of medical care in deliberate indifference to Franklin's serious medical need.

31.) Defendant Shicker oversight and/or administration of substandard health services protocols provided to inmates at Stateville, in his official capacity is tantamount to denial of medical care in deliberate indifference to Franklin's serious medical needs.

32.) As a direct result of defendants deprivation of Franklin's Eighth Amendment Rights under color of state law, Franklin's physical health continues to deteriorate and causing Franklin to suffer physical injury and mental anguish, in violation of the Eighth Amendment to the Constitution of the United States.

## Relief

Wherefore, Franklin Respectfully Requests judgement against defendants and states as follow:

A.) Award injunctive Relief enjoining defendants from further delaying Franklin's medical treatment including access to specialist.

B.) Award compensatory and punitive damages pursuant to 42 U.S.C. 1983 in amount to be determined at Trial;

C.) Award the costs of this action against all defendants jointly and severally in accordance with 42 U.S.C. 1983; and

D.) Such other Relief that the court deems appropriate.

## Affidavit

I Decoy Franklin declare under the penalty of perjury, that I have read this complaint and the information contained herein are both true and correct made upon knowledge and belief.

Respectfully
*[signature]*
Decoy Franklin
R 28072
P.O. Box 112
Joliet, IL. 60434

Dated:

Subscribed and sworn to before me this 10th day August, 2015.

*[signature] David Mansfield*

"OFFICIAL SEAL"
DAVID MANSFIELD
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/26/2018

(12)