IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DECORY FRANKLIN,

Case No. 15-cv-7361

Plaintiff,

v.                                                        Hon. Sharon Johnson Coleman

WEXFORD HEALTH SOURCES, INC.,
SALEH OBAISI, M.D. and LOUIS
SHICKER, M.D.,

Defendants.

## AMENDED COMPLAINT

Plaintiff DeCory Franklin ("Franklin") complains of defendants Wexford Health Source, Inc. ("Wexford") and Saleh Obaisi, M.D., deceased, ("Obaisi") as follows:

## PARTIES

1. Franklin is a citizen of the state of Illinois. He is imprisoned at Stateville Correctional Center ("Stateville") in Joliet, Illinois by the Illinois Department of Corrections ("IDOC").

2. Wexford is a corporation that does business in the state of Illinois. It has a contract with IDOC to provide medical services to prisoners at Stateville, including Franklin. Wexford is sued here in its individual and official capacity.

3. During relevant times, Obaisi was an employee of Wexford and was the medical director at Stateville. Obaisi was Franklin's primary physician at Stateville. Obaisi died December 23, 2017. Obaisi is sued here in his individual capacity

## JURISDICTION AND VENUE

4.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action arises under the Constitution and laws of the United States, specifically under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Eighth Amendment to the United States Constitution.

5.  Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391(b)(2). A substantial part of the events or omissions giving rising to this claim occurred in this District.

## SUMMARY OF FACTS

6.  Franklin became a prisoner at Stateville prior to 2007. Since 2007, he has suffered from two serious and painful medical conditions: chronic plantar fasciitis and lymphedema in the lower extremities.

7.  Starting in 2012, defendant Obaisi violated Franklin's civil rights by showing deliberate disregard for Franklin's serious medical conditions when he failed to treat Franklin in accordance Wexford's medical guidelines. Among other actions and omissions, Obaisi was following Wexford policy when he refused to send plaintiff to see a specialist in an effort to save costs for Wexford.

8.  Defendant Wexford violated Franklin's civil rights by having policies that 1) prevented Franklin from seeing a specialist for his ailments contrary to its own medical guidelines and 2) prevented Franklin from getting arch supports or orthotics contrary to its own medical guidelines and contrary to the repeated recommendations of its own medical director.

## FACTS

9.  Franklin developed plantar fasciitis and lymphedema of the lower extremities no later than 2007. Obaisi began to treat Franklin for these conditions in or about October 2012.

10. At all relevant times, Wexford's Medical Guidelines provided the following for primary treatment of plantar fasciitis: "Symptomatic RX with NSAIDs, arch supports, inject with Steroid/Lidocaine." Wexford's Medical Guidelines further provided for secondary treatment of plantar fasciitis as follows: "Refer if Symptomatic Treatment fails after 1 year."

11. Notwithstanding that Franklin had already suffered from his painful medical conditions for five years by 2012, Obaisi failed to refer him for treatment. Instead, he ordered Motrin (an NSAID) and steroid injections. He also ordered gym shoes with built-in heel cuffs for Franklin.

12. Franklin received gym shoes in November 2012 but they lacked the promised heel cuffs or arch support.

13. Franklin saw Obaisi again in or about December 2012 for steroid injections to both feet. Franklin informed Obaisi that he was having difficulty walking due to pain, that his knees hurt now and that his legs swelled. Franklin further informed Obaisi that he had not received the promised heel cuffs. Obaisi deliberately disregarded Franklin's medical complaints.

14. On or about April 17, 2013, Franklin again saw Obaisi for treatment of his plantar fasciitis and lymphedema. Obaisi again treated him with steroid injections and Motrin. Franklin informed Obaisi that he still had difficulty walking and that his feet, ankles and knees were swelling and painful. Obaisi deliberately disregarded Franklin's medical complaints and continued to treat him in the same ineffective way. Obaisi failed to refer Franklin to a specialist.

15. Franklin next saw Obaisi for treatment on or about July 30, 2013. Franklin again complained to Obaisi that steroid injections failed to alleviate the pain and swelling he was continuing to suffer and that he had not received his heel cuffs. Obaisi again deliberately disregarded Franklin's medical conditions and failed to refer him to a specialist.

16. On or about September 30, 2013, Obaisi again saw Franklin for his plantar fasciitis and lymphedema. Franklin again informed Obaisi that the steroid shots had been ineffective to alleviate his pain and the swelling of his feet, ankles and knees. Instead of referring Franklin to a specialist, Obaisi gave Franklin yet another steroid injection on or about October 23, 2013. He also issued him a permit for gym shoes with heel cuffs.

17. On or about January 14, 2014, Franklin again saw Obaisi and complained to him that his medical condition had worsened. The steroid shots were causing a breakage in his skin on both feet. His pain in his feet, ankles and knees was so bad he was having difficulty walking and standing for periods of time.

18. Franklin asked Obaisi if he would send him to see a podiatrist. Obaisi stated that it was not Wexford's policy to pay for such a visit.

19. Wexford's policy of refusing to pay for a specialist constituted deliberate disregard for inmates' medical conditions because it contradicted Wexford's Medical Guidelines that recommended that its doctors "refer" patients with plantar fasciitis "if Symptomatic Treatment fails after 1 year." Franklin's symptomatic treatment had failed for more than a year when Obaisi refused to refer him to a podiatrist due to Wexford's policy of not paying for such referrals.

20. On or about February 4, 2014, Obaisi again administered a steroid injection to Franklin notwithstanding the fact that Franklin had informed him that the injections were ineffective and were causing skin irritation and discoloration. Obaisi deliberately disregarded Franklin's medical condition by providing ineffective treatment for Franklin's swelling and pain and by refusing to refer him to a specialist.

21. On or about March 27, 2014, Wexford refused to provide Franklin with shoes with heel cuffs or arches pursuant to "Wexford shoe policy." In doing so, Wexford refused to follow years

of its own physicians' recommendations for treatment of Franklin's plantar fasciitis. It further

violated its own medical guidelines that patients with plantar fasciitis be treated with "arches." In

so doing, Wexford caused Franklin unnecessary pain and showed deliberate disregard for his

serious medical condition.

22. Franklin's request for appropriate shoes and Wexford's refusals to provide them pursuant

to its policy continued throughout 2014.

23. Throughout 2014, Obaisi continued to treat Franklin with more Motrin and steroid

injections and refused to send Franklin to a specialist in furtherance of Wexford's policies.

24. On or about March 12, 2015, Franklin again saw Obaisi and complained of the skin

irritation and discoloration caused by the steroid shots. Yet Obaisi scheduled still another steroid

shot for Franklin. Obaisi again refused to refer Franklin to a specialist. In doing so, he was

following Wexford's policy of saving money rather than its Medical Guidelines. This

constituted deliberate disregard for plaintiff's serious medical conditions.

25. Thereafter, Franklin continued to seek an effective treatment for his plantar fasciitis and

lymphedema from Obaisi and his medical staff at Stateville in May and June 2015 including

proper shoes but to no avail.

## EXHAUSTION OF REMEDIES

26. On July 23 and July 29, 2014, Franklin filed grievances with the proper authorities at

Stateville for the repeated failure to provide him proper treatment for his pain and swelling due

to plantar fasciitis and for Wexford's failure to provide proper shoes. These grievances were

finally denied by the Administrative Review Board on March 19 and March 5, 2015 respectively.

27. This action was filed *pro se* on August 20, 2015. Present counsel was assigned to

represent plaintiff *pro bono* on March 1, 2017.

## VIOLATION OF CIVIL RIGHTS

28. Wexford and Obaisi were acting under color of state law at all relevant times. They acted pursuant to a contract with IDOC that authorized Wexford to provide medical treatment to prisoners at Stateville.

29. Obaisi showed deliberate and reckless indifference to Franklin's serious medical conditions of plantar fasciitis and lymphedema 1) by continuing to treat him by ineffective, deleterious methods that caused unnecessary pain, swelling, skin discoloration and skin breakage over an extended period of time, and 2) by refusing to refer Franklin to a specialist in violation of Wexford's own Medical Guidelines but in furtherance of Wexford's policy of saving money by refusing to send prisoners to specialists.

30. Wexford showed deliberate and reckless indifference to Franklin's serious medical conditions of plantar fasciitis and lymphedema 1) by having a policy of saving money by refusing to send prisoners to specialists and 2) by having a policy that refused to provide Franklin with proper shoes for his plantar fasciitis in violation of its own Medical Guidelines and despite repeated recommendations to do so from its own physicians.

31. Defendants' actions and omissions under color of state law caused Franklin to suffer unnecessary severe pain and swelling of his lower extremities and discoloration and breakage of the skin for an extended period of time in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Defendants thus violated the Civil Rights Act, 42 U.S.C. § 1983.

32. Wexford continues to fail to provide proper treatment for Franklin's serious medical conditions. This continues to cause Franklin to suffer damages in the form of unnecessary pain, physical injury and mental anguish. Absent this Court's injunction, Franklin will continue to suffer irreparable injury.

**WHEREFORE,** plaintiff DeCory Franklin requests this Court to enter judgment in his favor and against defendants Wexford Health Source, Inc. and Saleh Obaisi, M.D. as follows:

1.  For preliminary and permanent injunctions that require Wexford and its medical director 1) to put Franklin under the care of a podiatrist for Franklin's medical conditions of plantar fasciitis and lymphedema and 2) to provide such treatment as the podiatrist recommends including transit to an independent facility, if the podiatrist so recommends and 3) and to report to the court quarterly for at least one year on Franklin's treatment and medical progress (with appropriate safeguards for the confidentiality of Franklin's medical records);

2.  For compensatory and punitive damages in amounts to be determined at trial;

3.  For costs of suit; and

4.  For such further relief as the Court deems just.

**DECORY FRANKLIN**


s/ Jeffrey H. Hornstein_____

Jeffrey H. Hornstein
The Hornstein Law Office, P.C.
1610 Highland Avenue
Wilmette, Illinois 60091
312-315-1221
jhhornstein@sbcglobal.net
Illinois Bar No. 6183106