UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECORY FRANKLIN,<br><br>        Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. SALEH OBAISI, and DR. LOUIS SHICKER,<br><br>        Defendants. | No. 15 C 7361<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Michael T. Mason |

**DEFENDANS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., Deceased ("Dr. Obaisi"), and WEXFORD HEALTH SOURCES, INC. ("Wexford") (collectively, the "Defendants"), by and through their attorneys, Matthew H. Weller and Miguel E. Larios of CASSIDAY SCHADE LLP, pursuant to Fed. R. Civ. P. 8, and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, plead as follows:

**PARTIES**

1. Franklin is a citizen of the state of Illinois. He is imprisoned at Stateville Correctional Center ("Stateville") in Joliet, Illinois by the Illinois Department of Corrections ("IDOC").

**ANSWER:** **Defendants lack knowledge as to Plaintiff's citizenship status. Defendants admit that Plaintiff is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and that he is currently assigned to Stateville Correctional Center ("Stateville") in Crest Hill, Illinois.**

2. Wexford is a corporation that does business in the state of Illinois. It has a contract with IDOC to provide medical services to prisoners at Stateville, including Franklin. Wexford is sued here in its individual and official capacity.

**ANSWER: Defendants admit that Wexford is a corporation that does business in the State of Illinois. Defendants further admit that Wexford has a contract with the State of Illinois to provide medical services to certain facilities including Stateville. Defendants deny the remaining allegations contained in paragraph 2.**

3. During relevant times, Obaisi was an employee of Wexford and was the medical director at Stateville. Obaisi was Franklin's primary physician at Stateville. Obaisi died December 23, 2017. Obaisi is sued here in his individual capacity

**ANSWER: Defendants lack knowledge as to the term "[d]uring relevant times," but admits that Saleh Obaisi, M.D. served as Medical Director of Stateville from August 2, 2012 to December 23, 2017. Defendants admit that Saleh Obaisi, M.D. passed away on December 23, 2017 and that Plaintiff purports to sue him in his individual capacity. Defendants deny the remaining allegations contained in paragraph 3.**

### JURISDICTION AND VENUE

4. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action arises under the Constitution and laws of the United States, specifically under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Eighth Amendment to the United States Constitution.

**ANSWER: Defendants admit that this Court has subject matter jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 and the Eighth Amendment to the United States Constitution.**

5. Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391(b)(2). A substantial part of the events or omissions giving rising to this claim occurred in this District.

**ANSWER: Defendants admit that venue is proper in the Northern District of Illinois.**

## SUMMARY OF FACTS

6. Franklin became a prisoner at Stateville prior to 2007. Since 2007, he has suffered from two serious and painful medical conditions: chronic plantar fasciitis and lymphedema in the lower extremities.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.**

7. Starting in 2012, defendant Obaisi violated Franklin's civil rights by showing deliberate disregard for Franklin's serious medical conditions when he failed to treat Franklin in accordance Wexford's medical guidelines. Among other actions and omissions, Obaisi was following Wexford policy when he refused to send plaintiff to see a specialist in an effort to save costs for Wexford.

**ANSWER: Defendants deny the allegations contained in paragraph 7.**

8. Defendant Wexford violated Franklin's civil rights by having policies that 1) prevented Franklin from seeing a specialist for his ailments contrary to its own medical guidelines and 2) prevented Franklin from getting arch supports or orthotics contrary to its own medical guidelines and contrary to the repeated recommendations of its own medical director.

**ANSWER: Defendants deny the allegations contained in paragraph 8.**

## FACTS

9. Franklin developed plantar fasciitis and lymphedema of the lower extremities no later than 2007. Obaisi began to treat Franklin for these conditions in or about October 2012.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.**

10. At all relevant times, Wexford's Medical Guidelines provided the following for primary treatment of plantar fasciitis: "Symptomatic RX with NSAIDs, arch supports, inject with Steroid/Lidocaine." Wexford's Medical Guidelines further provided for secondary treatment of plantar fasciitis as follows: "Refer if Symptomatic Treatment fails after 1 year."

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the phrase "at all relevant times." Defendants admit that Plaintiff has accurately quoted portions from Defendant Wexford's Illinois Medical Guidelines manual (2015), but deny the remaining allegations contained in paragraph 10.**

11. Notwithstanding that Franklin had already suffered from his painful medical conditions for five years by 2012, Obaisi failed to refer him for treatment. Instead, he ordered Motrin (an NSAID) and steroid injections. He also ordered gym shoes with built-in heel cuffs for Franklin.

**ANSWER: Defendants deny the allegations contained in the first sentence of paragraph 11. Defendants admit that Dr. Obaisi prescribed various medications and steroid injections to Plaintiff. Defendants admit that Dr. Obaisi ordered gym shoes with built-in heel cuffs for Plaintiff. Defendants deny the remaining allegations contained in paragraph 11.**

12. Franklin received gym shoes in November 2012 but they lacked the promised heel cuffs or arch support.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.**

13. Franklin saw Obaisi again in or about December 2012 for steroid injections to both feet. Franklin informed Obaisi that he was having difficulty walking due to pain, that his knees hurt now and that his legs swelled. Franklin further informed Obaisi that he had not received the promised heel cuffs. Obaisi deliberately disregarded Franklin's medical complaints.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.**

14. On or about April 17, 2013, Franklin again saw Obaisi for treatment of his plantar fasciitis and lymphedema. Obaisi again treated him with steroid injections and Motrin. Franklin informed Obaisi that he still had difficulty walking and that his feet, ankles and knees were swelling and painful. Obaisi deliberately disregarded Franklin's medical complaints and continued to treat him in the same ineffective way. Obaisi failed to refer Franklin to a specialist.

**ANSWER: Defendants admit that Plaintiff saw Dr. Obaisi on April 17, 2013 for complaints related to his plantar fasciitis. Defendants deny the remaining allegations contained in paragraph 14.**

15. Franklin next saw Obaisi for treatment on or about July 30, 2013. Franklin again complained to Obaisi that steroid injections failed to alleviate the pain and swelling he was continuing to suffer and that he had not received his heel cuffs. Obaisi again deliberately disregarded Franklin's medical conditions and failed to refer him to a specialist.

**ANSWER: Defendants deny the allegations contained in paragraph 15.**

16. On or about September 30, 2013, Obaisi again saw Franklin for his plantar fasciitis and lymphedema. Franklin again informed Obaisi that the steroid shots had been ineffective to alleviate his pain and the swelling of his feet, ankles and knees. Instead of referring Franklin to a specialist, Obaisi gave Franklin yet another steroid injection on or about October 23, 2013. He also issued him a permit for gym shoes with heel cuffs.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.**

17. On or about January 14, 2014, Franklin again saw Obaisi and complained to him that his medical condition had worsened. The steroid shots were causing a breakage in his skin on both feet. His pain in his feet, ankles and knees was so bad he was having difficulty walking and standing for periods of time.

**ANSWER: Defendants deny the allegations contained in paragraph 17.**

18. Franklin asked Obaisi if he would send him to see a podiatrist. Obaisi stated that it was not Wexford's policy to pay for such a visit.

**ANSWER: Defendants deny the allegations contained in paragraph 18.**

19. Wexford's policy of refusing to pay for a specialist constituted deliberate disregard for inmates' medical conditions because it contradicted Wexford's Medical Guidelines that recommended that its doctors "refer" patients with plantar fasciitis "if Symptomatic Treatment fails after 1 year." Franklin's symptomatic treatment had failed for more than a year when Obaisi refused to refer him to a podiatrist due to Wexford's policy of not paying for such referrals.

**ANSWER: Defendants deny the allegations contained in paragraph 19.**

6

20. On or about February 4, 2014, Obaisi again administered a steroid injection to Franklin notwithstanding the fact that Franklin had informed him that the injections were ineffective and were causing skin irritation and discoloration. Obaisi deliberately disregarded Franklin's medical condition by providing ineffective treatment for Franklin's swelling and pain and by refusing to refer him to a specialist.

**ANSWER: Defendants admit that on February 4, 2014, Dr. Obaisi provided a steroid injection to Plaintiff. Defendants deny the remaining allegations contained in paragraph 20.**

21. On or about March 27, 2014, Wexford refused to provide Franklin with shoes with heel cuffs or arches pursuant to "Wexford shoe policy." In doing so, Wexford refused to follow years of its own physicians' recommendations for treatment of Franklin's plantar fasciitis. It further violated its own medical guidelines that patients with plantar fasciitis be treated with "arches." In so doing, Wexford caused Franklin unnecessary pain and showed deliberate disregard for his serious medical condition.

**ANSWER: Defendants admit that on March 27, 2014, Dr. Obaisi's non-formulary medical supply request for gym shoes was denied as it did not meet the criteria per Wexford's shoe policy. Defendants deny the remaining allegations contained in paragraph 21.**

22. Franklin's request for appropriate shoes and Wexford's refusals to provide them pursuant to its policy continued throughout 2014.

**ANSWER: Defendants deny the allegations contained in paragraph 22.**

7

23. Throughout 2014, Obaisi continued to treat Franklin with more Motrin and steroid injections and refused to send Franklin to a specialist in furtherance of Wexford's policies.

**ANSWER: Defendants deny the allegations contained in paragraph 23.**

24. On or about March 12, 2015, Franklin again saw Obaisi and complained of the skin irritation and discoloration caused by the steroid shots. Yet Obaisi scheduled still another steroid shot for Franklin. Obaisi again refused to refer Franklin to a specialist. In doing so, he was following Wexford's policy of saving money rather than its Medical Guidelines. This constituted deliberate disregard for plaintiff's serious medical conditions.

**ANSWER: Defendants admit that on March 12, 2015, Dr. Obaisi provided steroid injections to Plaintiff per Plaintiff's request on March 10, 2015. Defendants deny the remaining allegations contained in paragraph 24.**

25. Thereafter, Franklin continued to seek an effective treatment for his plantar fasciitis and lymphedema from Obaisi and his medical staff at Stateville in May and June 2015 including proper shoes but to no avail.

**ANSWER: Defendants deny the allegations contained in paragraph 25.**

### EXHAUSTION OF REMEDIES

26. On July 23 and July 29, 2014, Franklin filed grievances with the proper authorities at Stateville for the repeated failure to provide him proper treatment for his pain and swelling due to plantar fasciitis and for Wexford's failure to provide proper shoes. These grievances were finally denied by the Administrative Review Board on March 19 and March 5, 2015 respectively.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26.**

27. This action was filed *pro se* on August 20, 2015. Present counsel was assigned to represent plaintiff *pro bono* on March 1, 2017.

**ANSWER: Defendants admit the allegations contained in paragraph 27.**

## VIOLATION OF CIVIL RIGHTS

28. Wexford and Obaisi were acting under color of state law at all relevant times. They acted pursuant to a contract with IDOC that authorized Wexford to provide medical treatment to prisoners at Stateville.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the phrase "at all relevant times." Defendants admit that Wexford has a contract with the State of Illinois to provide medical services to certain facilities, including Stateville. Defendants deny the remaining allegations contained in paragraph 28.**

29. Obaisi showed deliberate and reckless indifference to Franklin's serious medical conditions of plantar fasciitis and lymphedema 1) by continuing to treat him by ineffective, deleterious methods that caused unnecessary pain, swelling, skin discoloration and skin breakage over an extended period of time, and 2) by refusing to refer Franklin to a specialist in violation of Wexford's own Medical Guidelines but in furtherance of Wexford's policy of saving money by refusing to send prisoners to specialists.

**ANSWER: Defendants deny the allegations contained in paragraph 29.**

30. Wexford showed deliberate and reckless indifference to Franklin's serious medical conditions of plantar fasciitis and lymphedema 1) by having a policy of saving money by refusing to send prisoners to specialists and 2) by having a policy that refused to provide Franklin with proper shoes for his plantar fasciitis in violation of its own Medical Guidelines and despite repeated recommendations to do so from its own physicians.

**ANSWER:** **Defendants deny the allegations contained in paragraph 30.**

31. Defendants' actions and omissions under color of state law caused Franklin to suffer unnecessary severe pain and swelling of his lower extremities and discoloration and breakage of the skin for an extended period of time in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Defendants thus violated the Civil Rights Act, 42 U.S.C. § 1983.

**ANSWER:** **Defendants deny the allegations contained in paragraph 31.**

32. Wexford continues to fail to provide proper treatment for Franklin's serious medical conditions. This continues to cause Franklin to suffer damages in the form of unnecessary pain, physical injury and mental anguish. Absent this Court's injunction, Franklin will continue to suffer irreparable injury.

**ANSWER:** **Defendants deny the allegations contained in paragraph 32.**

WHEREFORE, Defendants, GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., Deceased, and WEXFORD HEALTH SOURCES, INC., deny that Plaintiff is entitled to any relief whatsoever, and pray for judgment in their favor and against Plaintiff, with costs.

**AFFIRMATIVE DEFENSES**

Defendants, GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., Deceased, and WEXFORD HEALTH SOURCES, INC., by and through their attorneys Matthew H. Weller and Miguel E. Larios of CASSIDAY SCHADE LLP, pursuant to Fed. R. Civ. P. 8, and for their Affirmative Defenses to Plaintiff's Amended Complaint, hereby plead as follows:

**FIRST AFFIRMATIVE DEFENSE**
**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

1. Federal law mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a).

2. The administrative remedies applicable to the Plaintiff in the instant action can be found at 20 ILL. ADMIN. CODE § 504.800 - 870. Effectively, this Plaintiff was required to complete three administrative steps in order to exhaust his remedies:

> (1) attempt to resolve his complaint informally through his/her Counselor;
>
> (2) file a written grievance to the Grievance Officer within 60 days of discovery of his complaint; and
>
> (3) file an appeal to the Director within 30 days after the date of the decision with respect to his written grievance.
>
> *See* 20 ILL. ADMIN. CODE § 504.810, § 504.850.

3. To the extent Plaintiff has failed to exhaust his administrative remedies prior to the filing of this suit, his claims are barred by 42 U.S.C. § 1997(e)(a) and 20 ILL. ADMIN. CODE § 504.800 - 870.

11

## SECOND AFFIRMATIVE DEFENSE
## FAILURE TO EXERCISE REASONABLE CARE AND TO MITIGATE DAMAGES

1. The sole proximate cause of the injuries and damages alleged by the Plaintiff was the Plaintiff's failure to exercise reasonable care for his own well-being.

2. Plaintiff has failed to mitigate damages as required by law.

## THIRD AFFIRMATIVE DEFENSE
## DEFENDANTS ACTED IN GOOD FAITH/IMMUNITY

1. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's statutory or constitutional rights of which a reasonable person would have known. Therefore, the doctrine of qualified immunity protects these Defendants from this lawsuit. "Qualified immunity shields [officials] from civil damages liability so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Leaf v. Shelnutt*, 400 F.3d 1070, 1079-80 (7th Cir. 2005) (citing *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987)).

2. The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

3. The United States Supreme Court regards as beneficial, the two-step sequence for resolving government officials' immunity claims articulated in *Saucier v. Katz*, 533 U.S. 194 (2001); *see also Pearson*, 555 U.S. at 236 ("Although we now hold that the *Saucier* protocol should not be regarded as mandatory in all cases, we continue to recognize that it is often beneficial…"). First, a court must decide whether the facts, as alleged by the plaintiff, make out a violation of a constitutional right. *Id*. at 232. Second, the court must decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id*. In order to

12

show that the right was clearly established, the plaintiff must show that the defendant's "violation [of the constitutional right] was so clear that an official would realize he or she was violating an inmate's constitutional rights." *Borello v. Allison*, 446 F.3d 742, 750 (7th Cir. 2006).

4. Plaintiff's Complaint alleges that Defendants provided medical care and treatment to the Plaintiff while he was incarcerated at a state-run prison. At no time did any defendant render medical care that was so clearly a violation of the Plaintiff's constitutional rights that the defendant would realize he or she was providing medical care tantamount to cruel and unusual punishment. Thus, the doctrine of qualified immunity applies and shields these Defendants from this litigation.

5. Defendants further recognize that the Seventh Circuit has suggested, in *dicta*, that qualified immunity is not available to private medical personnel in state-run prisons. *See Petties v. Carter*, 836 F.3d 722, 733-34 (7th Cir. 2016) (*en banc*). However, the United States Supreme Court's decision in *Filarsky v. Delia*, 66 U.S. 377, 390 (2012) controls and establishes that immunity is available to a government's private contractors who are performing jobs that, otherwise, would be performed by state agents, who unquestionably could assert qualified immunity.

6. In *Filarsky*, the Supreme Court, unanimously, held that a private attorney hired by a municipality to perform a task was entitled to claim qualified immunity. 566 U.S. at 390. Other Circuits follow *Filarsky* and apply qualified immunity to private medical providers working in state-run prisons. In a decision handed down after *Petties*, the Tenth Circuit Court of Appeals found that *Filarsky* controlled and applied qualified immunity to a private doctor working in a state prison. *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1108-09 (10th Cir. 2016) ("Dr. Doe stands in the same position as the attorney in *Filarsky* – he was a private party hired to do a job

13

for which a permanent government employee would have received qualified immunity. Thus, we conclude that qualified immunity applies to Dr. Doe.").

7. The Supreme Court's decision in *Filarsky* combined with the case law of other Courts of Appeal establish that qualified immunity applies to private medical providers performing medical services in a state-run prison. Therefore, Defendants have a non-frivolous argument for extending, modifying, or reversing existing law in this Circuit.

## FOURTH AFFIRMATIVE DEFENSE
## CLAIMS BARRED BY STATUTE OF LIMITATIONS AND/OR STATUTE OF REPOSE

1. Claims for deliberate indifference made pursuant to 42 U.S.C. § 1983 are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Delgado-Brunet v. Clark*. 93 F.3d 339, 342 (7th Cir. 1996).

2. Illinois has a two-year statute of limitations for personal injury actions. 735 ILCS 5/13–202 (2008); *Anton v. Lehpamer,* 787 F.2d 1141, 1142 (7th Cir. 1986). Illinois has a four-year statute of repose for personal injury actions. 735 ILCS 5/13-212(a); *see also Phillips v. Cook County*, 07 C 2394, 2008 U.S. Dist. LEXIS 50600 (N.D. Ill. July 1, 2008) (Gottschall, J.).

3. Plaintiff's claims in this matter are based on personal injuries he allegedly suffered as an inmate in the custody of the Illinois Department of Corrections. As such, the Plaintiff's claims are subject to a two-year statute of limitations and/or a four-year statute of repose.

4. Although state law determines the length of the statute of limitations, federal law determines when that statute of limitations begins to accrue. *Wilson v. Giesen,* 956 F.2d 738, 740

(7th Cir. 1991). Federal law dictates that accrual begins when a "plaintiff knows or should know that his or her constitutional rights have been violated." *Id.*

5. To the extent Plaintiff complains of injuries or events that occurred more than two years prior to the filing of this suit, his claims are barred by 735 ILCS 5/13-202. To the extent Plaintiff complains of injuries or events that occurred more than four years prior to the filing of this suit, his claims are barred by 735 ILCS 5/13-212.

WHEREFORE, Defendants, GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., Deceased, and WEXFORD HEALTH SOURCES, INC., deny that Plaintiff is entitled to any relief whatsoever, and pray for judgment in their favor and against Plaintiff, with costs.

## **JURY DEMAND**

Defendants demand a trial by jury on all issues herein triable.

Dated: May 14, 2018

Respectfully submitted,

CASSIDAY SCHADE LLP

By: */s/ Miguel E. Larios*
Matthew H. Weller (ARDC No. 6278685)
Miguel E. Larios (ARDC No. 6301828)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
mweller@cassiday.com
mlarios@cassiday.com

*Counsel for Defendants Ghaliah Obaisi, as Independent Executor of the Estate of Saleh Obaisi, M.D., Deceased and Wexford Health Sources, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2018, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

*/s/ Miguel E. Larios*